**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**RUSSELL E. JENKINS**                                                                                    **PLAINTIFF**

**VERSUS**                                                           **CIVIL ACTION NO. 1:06cv329-P-D**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**                                                                              **DEFENDANT**

**ORDER**

This cause is before the Court on the defendant's Motion to Dismiss [13]. The Court, having reviewed the motion, the movant's memorandum of authorities, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

That the motion is not well-taken and should be denied. Despite the fact that plaintiff failed to serve defendant within the period specific in F.R.C.P. 4(m), and despite the fact that plaintiff 's tardy service did not comply with the requirement of F.R.C.P. 4(h),[1] the Court concludes that it is appropriate to grant plaintiff an extension to effect proper service. Any other result would deprive plaintiff of the right to pursue a recovery against the defendant, inasmuch as the statute of limitations has expired in the interim since the filing of plaintiff's complaint and the running of the 120 day

---

[1] Brinson v. United States applied a four-factor test in determining whether to dismiss a case for insufficient service pursuant to F.R.C.P. 12(b)(4). Although plaintiff has not offered any excuse for the insufficient service, it is evident from the filings before the Court that the defendant received actual notice of the pendency of the action; the defendant has shown no actual prejudice due to the failure to abide by the provisions of Rule 4(h) and the plaintiff would suffer extreme prejudice were the Court to grant defendant's motion to dismiss. Brinson v. United States, No. 04-746, 2005 WL 1155138, at *3 (E.D. La. Mar. 29, 2005)

period for service of process.[2] Accordingly, the plaintiff will be granted thirty (30) days from the entry of this Order to effect service of process on the named defendant's registered agent for service of process in accordance with F.R.C.P. 4(h). Should plaintiff fail to properly effect service on or before April 23, 2008, this Court will dismiss the case pursuant to F.R.C.P. 41(b) for failure to prosecute.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion to Dismiss [13] is not well-taken and should be, and hereby is, DENIED. IT IS FURTHER ORDERED that the plaintiff is to serve defendant State Farm with process in accordance with F.R.C.P. 4(h) within thirty (30) days of the entry of this Order, or on or before April 23, 2008.

SO ORDERED, this the 24th day of March, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court need not determine that these circumstances constitute good cause. The Comments to the 1993 Amendments to Rule 4 provide:

> Subdivision (m). This subdivision retains much of the language of the present subdivision (j). The new subdivision explicitly provides that the court may allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown . . . . Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . .

F.R.C.P. 4, Comments to the 1993 Amendments.